UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Lawrence Rodan, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>United Guaranty Residential Insurance Company<br><br>**SERVE**:<br>Corporation Service Company<br>421 West Main Street<br>Frankfort, KY 40601<br><br>Defendant. | Cause No. 3-16-cv-229-CRS<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Lawrence Rodan ("*Plaintiff*" or "*Mr. Rodan*"), individually and on behalf of others similarly situated, by counsel, files this complaint against the Defendant, United Guaranty Residential Insurance Company, and states as follows:

## INTRODUCTION

1.  This is an action for statutory damages and injunctive relief brought by Plaintiff, individually, and on behalf of a class of similarly-situated persons, against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from

-1-

engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith. Plaintiff claims that Defendant violated the FDCPA by failing to include and/or misrepresenting certain information in its letters to Plaintiff and the members of the class, as required by 15 U.S.C. § 1692(g)(a), and by failing to disclose in its communications with Plaintiff and the class members that the Defendant is a debt collector, in violation of 15 U.S.C. § 1692(e)(11).

## PARTIES

2. The Plaintiff, Lawrence Rodan ("*Plaintiff*" or "*Mr. Rodan*"), is an individual and a citizen of the Commonwealth of Kentucky, presently residing in Jefferson County, Kentucky.

3. Mr. Rodan is a "*consumer*" as that term is defined in the FDCPA and with respect to the matters herein.

4. Defendant, United Guaranty Residential Insurance Company ("*Defendant*" or "*United Guaranty*"), is a corporation organized and existing under the laws of the State of North Carolina, having principal offices located at 230 North Elm Street, Greensboro, North Carolina.

5. Defendant is an insurance company engaged in the business of underwriting and/or selling mortgage default insurance and collecting defaulted home loans assigned it by its insureds in the Commonwealth of Kentucky and across the United States.

6. On information and belief, the Defendant's principal business is the collection of consumer debt.

7. On information and belief, the Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters herein.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

10. Venue in this District is proper because the Defendant transacts business in this District, Plaintiff was a resident of this District at all pertinent times herein, and the conduct complained of occurred here.

## FACTS

11. On or about September 1, 2015, Defendant sent to Mr. Rodan a dunning letter through the mails advising that $26,495.20 was due on a defaulted New Equity Financial Corporation home loan.

12. On information and belief, the debt owed on the home loan was in default when Defendant obtained the debt by assignment.

13. On information, the September 1, 2015 letter was Defendant's initial communication with Mr. Rodan in connection with the debt.

14. In the September 1, 2015 letter, Defendant did not identify itself as a debt collector.

15. In connection with its efforts to collect the amounts due on the debt, Defendant failed to send Mr. Rodan written notice of the debt as required by the FDCPA, specifically 15 U.S.C. § 1692g(a), and misrepresented Mr. Rodan's rights under 15 U.S.C. § 1692g(a).

16.   To wit, in the September 1, 2015 letter, Defendant advised Mr. Rodan that in order to obtain verification of the debt, Mr. Rodan needed to "mail notification" to Defendant, "postmarked no later than thirty (30) days" of receipt of the letter.

17.   Additionally, in the September 1, 2015 letter, Defendant advised Mr. Rodan that in order to obtain the name and address of the original creditor, he needed to "mail" a request to Defendant, postmarked within thirty (30) days of receiving the letter.

18.   The representations in the September 1, 2015 letter were misleading, false, and/or inaccurate, in that consumer need not use the mails to invoke the protections of 15 U.S.C. § 1692g(a).

19.   As a proximate consequence of Defendant's conduct as herein alleged, Mr. Rodan is entitled to an award against Defendant in the form of actual damages, statutory damages, attorney's fees, and costs.

## COUNT I
## FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

20.   Ms. Rodan reiterates and incorporates herein Paragraphs 1 to 19.

21.   Defendant's representations to Mr. Rodan in its September 1, 2015 letter were materially false, deceptive, and/or misleading.

22.   Specifically, in the letter, Defendant failed to identify itself as a debt collector, in violation of 15 U.S.C. § 1692e(11), and misrepresented the information required to be disclosed pursuant to 15 U.S.C. § 1692g(a).

23.   Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant's conduct constituted the making of false, deceptive, or misleading representations in connection with collecting the debt, in violation of 15 U.S.C. § 1692e.

24. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT II
## VIOLATION OF VALIDATION RIGHTS

25. Plaintiff reiterates and incorporates herein Paragraphs 1 to 19.

26. Defendant's conduct, as alleged herein, constitutes violations of the FDCPA, Section 1692g(a), in that Defendant failed to send Mr. Rodan a written notice of the debt containing:

(i) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and,

(ii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. By reason of the conduct complained of herein, Defendant violated the FDCPA and is liable to Plaintiff for actual damages and statutory damages of up to one-thousand dollars ($1,000) per 15 U.S.C. § 1692k *et seq*.

28. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent,

widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## CLASS ALLEGATIONS

29. Plaintiff files this action as a class action on behalf of all individuals who received letters from Defendant seeking to collect defaulted home loans within one-year from the filing of this action.

30. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all others similarly situated with the Class defined as follows: All individuals who received letters from Defendant sent on or after April 20, 2015 seeking payment of past-due home loans.

31. Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff, but upon information and belief, the number of individuals within the Class may exceed 200. The true number of Class members is likely to be known to Defendant.

32. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff and all Class members received from Defendant dunning letters that failed to comply with the requirements of the FDCPA. The factual basis of Defendant's conduct is common to all Class members and resulted in injury to all Class members.

33. The questions of law and fact in this case are common to Plaintiff and Class members and include the following:

      a.      Was Defendant required to identify itself as a debt collector in its letters to the Plaintiff and the Class Members?

      b.      Was Defendant required to include in its letters information about the debts as contemplated in 15 U.S.C. § 1692g(a)?

      c.      Does requiring a consumer to use the mails to invoke their rights under the FDCPA violate the FDCPA?

      d.      Did Defendant fail to comply with the requirements of the FDCPA?

34.      Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with experience in FDCPA claims and complex litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Class.

35.      Plaintiff and members of the Class have suffered and will continue to suffer harm and damage as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.

WHEREFORE, Plaintiff, Lawrence Rodan and the putative Class, by counsel, request this Court to:

  a. Certify the Plaintiff's Class, appoint Plaintiff as Class Representative, and appoint undersigned counsel as counsel of record as Class counsel;

  b. Enter judgment against Defendant to compensate Plaintiff and the Class Members for their actual damages sustained as set forth in above Counts.

  c. Enter judgment against Defendant under the above Counts for statutory damages for the Plaintiff and for each member of the Class.

  d. Enter judgment against for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

  e. Conduct a trial by jury on all issues so triable.

  f. Enter an order temporarily and permanently enjoining Defendant from future similar violations of the FDCPA.

  g. Enter an order awarding attorneys' fees and costs herein incurred against Defendant.

  h. Grant any and all other relief to which the Court deems appropriate.

        Respectfully submitted,

        /s/ Zachary L. Taylor
        Zachary L. Taylor
        9900 Corporate Campus Drive
        Suite 3000
        Louisville, Kentucky 40223
        (502) 822-2500
        ztaylor@taylorlawcenter.com

        *Counsel for Plaintiff Lawrence Rodan*
        *and the putative class*